Kris J. KAVELARIS, Plaintiff-Respondent,

v.

MSI INSURANCE COMPANY, a Wisconsin corporation, and Evelyn O. Luepke, Defendants,

CONNECTICUT GENERAL LIFE INS. CO., a foreign corporation, Defendant-Appellant.

Court of Appeals

*No. 00–2984. Submitted on briefs May 11, 2001.—Decided June 27, 2001.*

2001 WI App 161

(Also reported in 631 N.W.2d 665.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Thomas H. Koch* of *Wille, Gregory & Lundeen* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Laurence J. Fehring* of *Habush, Habush, Davis & Rottier, S.C.* of Milwaukee.

Before Brown, P.J., Nettesheim and Snyder, JJ.

¶ 1. SNYDER, J. Connecticut General Life Ins. Co. (CGLI) appeals from a judgment and an order in favor of its insured, Kris J. Kavelaris. Kavelaris sued Evelyn O. Luepke and her liability insurer, MSI Insurance Company (MSI), for damages resulting from Luepke's negligent motor vehicle operation.[1] CGLI had issued a policy to Kavelaris's employer, Whitman-Hart, Inc., to cover medical expenses relating to the Whitman-Hart Employee Retirement Income Security Act (ERISA) employee benefit plan. *See* 29 U.S.C. § 1144 (2000). CGLI paid medical expenses to Kavelaris and moved for reimbursement of its subrogated claim. The trial court denied CGLI's subrogation claim because Kavelaris would not totally recover his full damages under Wisconsin's "made whole" doctrine if the CGLI subrogation claim prevailed. We affirm the trial court order denying the CGLI subrogation claim and the judgment.

## BACKGROUND

¶ 2. The relevant facts are undisputed. On June 10, 1998, Kavelaris and his wife Mary were involved in a motor vehicle accident caused by the negligence of Luepke. Kavelaris was seriously injured and Mary was killed in the accident. Kavelaris filed an action on August 3, 1998, against Luepke and MSI, and named CGLI as a subrogated lienholder. CGLI had paid

---

[1] Luepke and MSI have been released from the action and do not appeal from the judgment or order.

$130,900.78 in medical expenses pursuant to the employee benefit plan provided to Kavelaris by his employer, Whitman-Hart. Whitman-Hart, as the sponsor and administrator of the ERISA plan, purchased a group insurance policy to cover plan medical expenses from CGLI, an insurance company. The CGLI policy premiums were paid by Whitman-Hart and its employees, including Kavelaris.

¶ 3. MSI agreed to pay its policy limits of $200,000 to Kavelaris in exchange for a complete release and dismissal of the negligence claims against Luepke. Kavelaris accepted the offer contingent upon CGLI waiving its subrogation claim because he would not be made whole by accepting $200,000 and then deducting the CGLI claim, leaving him with less than $70,000. CGLI refused to waive its subrogation claim on the basis that the claim was governed by ERISA rather than by Wisconsin's "made whole" doctrine, and moved for declaratory relief and reimbursement. The trial court held that the Wisconsin "made whole" doctrine is not preempted by ERISA, and CGLI appeals from the trial court's order denying its motion.

¶ 4. The Whitman-Hart ERISA plan provides in relevant part:

EXPENSES FOR WHICH A THIRD PARTY MAY BE LIABLE

This policy does not cover expenses for which another party may be responsible as a result of having caused or contributed to the Injury or Sickness. If you incur a Covered Expense for which, in the opinion of [CGLI], another party may be liable

1. [CGLI] shall, to the extent permitted by law, be subrogated to all rights, claims or interests which you may have against such party and

shall automatically have a lien upon the proceeds of any recovery by you from such party to the extent of any benefits paid under the Policy. You or your representative shall execute such documents as may be required to secure [CGLI's] subrogation rights.

## DISCUSSION

■■■■

¶ 5. Whether ERISA preempts Wisconsin's "made whole" doctrine is a question of law that we review de novo. *See Aurora Med. Group v. DWD*, 2000 WI 70, ¶ 11, 236 Wis. 2d 1, 612 N.W.2d 646. The "made whole" doctrine originated in *Garrity v. Rural Mutual Insurance Co.*, 77 Wis. 2d 537, 546–47, 253 N.W.2d 512 (1977), where our supreme court held in a fire insurance case that the insured was entitled to be made whole before a subrogated insurer may share in the amount recoverable from a third-party tortfeasor. The "made whole" doctrine was reaffirmed and extended to automobile accident cases in *Rimes v. State Farm Mutual Automobile Insurance Co.*, 106 Wis. 2d 263, 270, 316 N.W.2d 348 (1982). The *Rimes* court explained the doctrine as follows:

> Under Wisconsin law the test of wholeness depends upon whether the insured has been completely compensated for all the elements of damages, not merely those damages for which the insurer has indemnified the insured. Thus the mere fact that the settlement figure . . . exceeded the insurer's claim for subrogation is immaterial. The injured or aggrieved party is not made whole unless *all* his damages arising out of the tort have been fully compensated.

*Id.* at 275.

¶ 6. It is undisputed that Kavelaris has not been made whole within the meaning of *Rimes*. CGLI, nonetheless, asserts that it is entitled to reimbursement of its subrogation claim because the "made whole" doctrine is preempted by ERISA. Whether an insured employee benefit plan is preempted by ERISA has previously been addressed in *Ramsey County Medical Center, Inc. v. Breault*, 189 Wis. 2d 269, 525 N.W.2d 321 (Ct. App. 1994). The *Ramsey* court held that ERISA preempts an uninsured employee benefit plan from state law. *Id.* at 278. However, the court cautioned that "if the . . . [p]lan is an insured plan, it is saved from preemption and therefore subject to the *Rimes* doctrine." *Ramsey*, 189 Wis. 2d at 275.

¶ 7. ERISA contains three clauses that are relevant to CGLI's preemption argument: (1) the preemption clause; (2) the savings clause; and (3) the deemer clause. The ERISA preemption clause states in relevant part that "[e]xcept as provided in subsection (b) of this section [the savings clause], the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a) (2000). The parties concede that under this clause ERISA preempts the *Rimes* "made whole" doctrine relating to an employee benefit plan. However, we now turn to the remaining ERISA clauses.

¶ 8. The savings clause states that "[e]xcept as provided in subparagraph (B) [the deemer clause], nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A) (2000). Therefore, to the extent that the *Rimes* "made whole" doctrine regulates insur-

ance in Wisconsin within the meaning of the ERISA savings clause, it is saved from ERISA preemption.

██

¶ 9. Whether a state law regulates insurance within the meaning of the ERISA savings clause is determined from a "common sense view of [whether] the contested prescription regulates insurance." *UNUM Life Ins. Co. of Am. v. Ward*, 526 U.S. 358, 367 (1999). "A common sense view of the word 'regulates' would lead to the conclusion that in order to regulate insurance, a law must not just have an impact on the insurance industry, but must be specifically directed toward that industry." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 50 (1987).

¶ 10. In addition to the commonsense test, *Pilot Life* discussed the McCarran-Ferguson Act factors.[2] Under McCarran-Ferguson, a state law regulates insurance if: (1) the law transfers or spreads policy-holder risk; (2) the law concerns an integral part of the policy relationship between insurer and insured; and (3) the law is limited to entities within the insurance industry. *Pilot Life*, 481 U.S. at 48–49. In *Moran v. Rush Prudential HMO, Inc.*, 230 F.3d 959 (7th Cir. 2000), *cert. granted*, 121 S. Ct. 2589 (U.S. June 29, 2001) (No. 00–1021), the court asserted that "[a] state law may fall within the savings clause even if it cannot satisfy all three of the McCarran-Ferguson factors." *Id.* at 969.

¶ 11. The Wisconsin "made whole" doctrine requires that insurers forgo a policy subrogation right unless the insured is fully reimbursed for his or her damages. This industry requirement shifts the risk of recovery of subrogated medical expenses from the

---

[2] 15 U.S.C. §§ 1011–1015 (2000).

insured to the insurer. The requirement is an integral part of the policy relationship between the insured and the insurer because the "made whole" doctrine is a mandatory provision affecting the cost of every Wisconsin insurance policy.

¶ 12. Here, the trial court concluded that the *Rimes* "made whole" doctrine regulates insurance in Wisconsin because the doctrine has an impact on the insurance industry by controlling how much money the insurer can recover under a subrogation provision, which then has an effect on the cost of the insurance coverage. We agree with the trial court that *Rimes* is an insurance case, that it is directed at the insurance industry, and that the ERISA savings clause applies to the insurance benefit provided by CGLI.

¶ 13. The savings clause is, however, limited by the provisions of ERISA's deemer clause. The relevant portion of the deemer clause states that "[n]either an employee benefit plan . . . nor any trust established under such a plan, shall be deemed to be an insurance company . . . or to be engaged in the business of insurance . . . for purposes of any law of any State purporting to regulate insurance companies [or] insurance contracts . . . ." 29 U.S.C. § 1144(b)(2)(B) (2000). Therefore, while ERISA does not preempt a state from regulating insurance companies, it does prohibit a state from deeming an employee benefit plan as an insurance contract in order to save the employee benefit plan from federal preemption.

¶ 14. In *Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724 (1985), the United States Supreme Court differentiated between insured and uninsured plans and their relationship to ERISA, holding that uninsured employee benefit plans are governed exclusively by federal law. However, insured

employee benefit plans may be indirectly regulated by the states. *Id.* at 732–33. Therefore, if Wisconsin's "made whole" doctrine regulates insurance and we apply the exception provided in *Ramsey*, 189 Wis. 2d at 275 ("if the . . . [p]lan is an insured plan, it is saved from preemption and therefore subject to the *Rimes* doctrine"), the deemer clause does not negate the savings clause and the "made whole" doctrine is saved from ERISA preemption.

¶ 15. In *FMC Corp. v. Holliday*, 498 U.S. 52 (1990), the United States Supreme Court explained that

> employee benefit plans that are insured are subject to indirect state insurance regulation. An insurance company that insures a plan remains an insurer for purposes of state laws "purporting to regulate insurance" after application of the deemer clause. The insurance company is therefore not relieved from state insurance regulation. The ERISA plan is consequently bound by state insurance regulations insofar as they apply to the plan's insurer.

*Id.* at 61.

¶ 16. CGLI is the Whitman-Hart plan insurer. We conclude that the ERISA deemer clause does not apply to negate the ERISA savings clause because CGLI is an insurance company that has insured the Whitman-Hart ERISA plan under a policy regulated by the insurance laws of Wisconsin.

## CONCLUSION

¶ 17. CGLI provides an insurance policy to cover medical expenses provided under the Whitman-Hart ERISA plan in return for premiums paid by Whitman-

Hart and its covered employees, including Kavelaris. Because the ERISA plan is an insured plan under an insurance policy regulated by Wisconsin insurance law, the ERISA savings clause applies and ERISA does not preempt the Wisconsin *Rimes* "made whole" doctrine. Because CGLI is an acknowledged insurance company, the deemer clause is not applicable. We conclude that the CGLI policy must comply with the Wisconsin "made whole" insurance regulation and we affirm the trial court.

*By the Court.*—Judgment and order affirmed.